**NOT FOR PUBLICATION**

FILED
MAY 24 2011
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                    Case No. 10-63263-A-7F
                                         DC No. UST-1
ROBERT L. CANNON and
JILL L. CANNON,

        Debtor.
_____/

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
RE UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE
PURSUANT TO 11 U.S.C. § 707(b)**

A hearing was held on April 20, 2011, regarding the motion of the United States Trustee to dismiss the chapter 7 case of Robert and Jill Cannon. Following the hearing, the court took the matter under submission. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A).

Robert and Jill Cannon filed their chapter 7 case on November 16, 2010. Their schedules show that they own no real property and that their personal property is largely if not entirely exempt. The only secured claim on the original schedules was secured by a 2004 Camry. The debtors intend to reaffirm that debt. Their unsecured claims are scheduled as being $153,979.18. Both Mr. And Mrs. Cannon are employed. Their schedules show three dependents. On the chapter 7 Statement of

Current Monthly Income and Means-Test Calculation (the "Means Test" or "Form B-22") they show that they are above median income.

The United States Trustee filed a Statement of Presumed Abuse, which was followed with a motion to dismiss. The motion to dismiss states that the debtors' annualized current monthly income exceeds the applicable median family income and the presumption of abuse arises. According to the United States Trustee, the debtors have not provided sufficient evidence to establish that there are circumstances which would justify additional expenses or adjustments in the current monthly income. According to the United States Trustee, under the totality of the circumstances, the debtors have the ability to pay a substantial dividend to their unsecured creditors. For these reasons, the United States Trustee asserts that the presumption of abuse arises under Bankruptcy Code § 707(b)(2) and that, in the alternative, abuse is demonstrated under the totality of the circumstances and the case should be dismissed under § 707(b)(3).

The United States Trustee's motion was supported by the declaration of Lisa M. Grootendorst, a bankruptcy analyst at the office of the United States Trustee. That declaration states that on February 1, 2011, the United States Trustee wrote to the debtors' attorney requesting documentation to verify income and expenses. On February 14, 2011, Mr. Samples, the debtors' attorney, responded that he was unable to provide a response at that time. The United States Trustee asserted that based on its review of the debtors' Form B-22, certain expenses were not supported by documentation. These expenses included healthcare,

telecommunication services, and future payments on unsecured claims. After performing a calculation of supported allowable expenses, the United States Trustee concluded that the debtors appeared to have monthly disposable income of at least $1,355 per month. This gives them the ability to pay more than the $11,725 threshold that establishes the presumption of abuse under § 707(b)(2).

On April 4, 2011, the debtors filed a response stating that documents in support of the claimed expenses had been mailed to the United States Trustee on March 25, 2011. In reply, the United States Trustee stated that he had received some but not all of the information previously requested. After reviewing the information provided by the debtors, the United States Trustee stated that the following expenses still had not been supported by any documentation.

- Line 31, out of pocket healthcare, $275
- Line 32, telecommunications services, $308
- Line 40, charitable contributions, $95

Additionally, the United States Trustee determined that the debtors had understated their wages. Further, at Line 34, the debtors did not claim a deduction for insurance. However, the United States Trustee concluded that the debtors did have average monthly expenses for health, life, and disability insurance of $469. Additionally, the United States Trustee added to the debtors' expenses at Line 49 an amount of $166 for chapter 13 administrative fees.

The biggest question was that shown at Line 42(b) for future payments on secured claims. At Line 42(b), the debtors claimed $1,850 per month as a payment to Mark Geary for lease/rental of

their residence. However, they do not show that they own any real property. Also, on the Form B-22 filed originally and as amended January 26th, the debtors claimed a rental expense of $1,117 on Line 20B. Thus, there is a doubling of expenses.

On April 21st, the day after the hearing, the debtors filed a Second Amended Form B-22. On that form, they eliminated the claim for any housing expense on Line 20B. As of April 21, 2011, the debtors were only claiming the $1,850 on Line 42(b).

However, the debtors have still failed to provide any support for the expenses claimed at Line 31, 32, and 40. Utilizing the calculations of the debtors' expenses made by the debtor on Form B-22 filed April 21, 2011, the debtors have monthly expenses of $8,772 at Line 47. Utilizing the expenses calculated by the United States Trustee, the debtors have monthly expenses of $7,361 at Line 47.

Even giving the debtors the housing expense they claim of $1,850 instead of the housing expense provided by the formula of $1,117, the debtors still have disposable monthly income at Line 47 with which unsecured creditors could be paid in a chapter 7 case.

This case is made somewhat more complex by two additional facts. At the hearing, the debtors requested an evidentiary hearing. However, the attorney for the United States Trustee stated that no evidentiary hearing was required because of the doubling of the housing expense. On that basis, the court deemed the matter submitted. The second complicating fact is that one day after the hearing, on April 21st, the debtors filed a Second Amended Form B-22. This Second Amended Form B-22 eliminated the

doubling of the housing expense.  The debtors never sought approval of the court or agreement of the United States Trustee for the court to consider the Second Amended Form B-22 in connection with this motion.  Nor have the debtors reiterated any request for an evidentiary hearing.  However, the Second Amended Form B-22 filed April 21, 2011, does take out the doubling of the housing expense that the United States Trustee considered a dispositive legal issue.

The debtors did provide additional evidence after the hearing.  However, they still have failed to provide support for the expenses claimed at Line 31, Line 32, and Line 40.

Based on the evidence before the court, the United States Trustee has met his burden of proof that the debtors do have disposable monthly income to make payments in a chapter 13 case.  For that reason, the presumption of abuse arises under Bankruptcy Code § 707(b)(2), and the United States Trustee's motion to dismiss will be granted.  However, the debtors will have ten (10) days from the date of entry of the order granting the motion to convert to chapter 13, should they wish to do so.  The United States Trustee shall prepare an appropriate form of order consistent herewith.

DATED: _____May 24_____, 2011.

WHITNEY RIMEL, Judge
United States Bankruptcy Court